UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - X

FREDERICK HOLMES, JR.,                      ORDER

                Petitioner,          MC 1999-0106 (MDG)

    - against -

UNITED STATES OF AMERICA,

                Respondent.

- - - - - - - - - - - - - - - - - - - X

GO, United States Magistrate Judge:

    Petitioner Frederick Holmes, Jr. ("petitioner") has moved to seal and expunge his criminal record resulting from his conviction. This case was originally assigned to the late Honorable A. Simon Chrein, U.S. Magistrate Judge, who had presided over the underlying criminal case CR-78-0055. On April 12, 2005, this case was reassigned to me.

## BACKGROUND

    On May 25, 1999, petitioner filed the instant motion[1] to expunge the criminal record in the case CR-78-0055 (ASC) (ct. docs. 2, 3). As reflected on the docket sheet for the underlying criminal case, on January 23, 1978, petitioner pled guilty to a charge in an information for obstruction of the passage of mail

---

[1] Petitioner had also filed a motion to proceed in forma pauperis (ct. doc. 1). Although Judge Chrein granted petitioner's request on June 16, 1999, the docket sheet does not reflect that the Order was signed. See ct. doc. 1. As a result, the motion may not have been served on the Government. However, this Court will address the motion without awaiting a response since the issues raised are straightforward legal ones.

pursuant to 18 U.S.C. § 1701.  See docket sheet entry for CR-78-0055 ("CR-78-0055 entry") dated Jan. 23, 1978.  A judgment of conviction was subsequently entered by the Court on March 20, 1978.  CR-78-0055 entry dated Mar. 20, 1978.  Judge Chrein suspended the execution of a one year sentence and placed the petitioner on probation for three years, with the special condition that he participate in a drug treatment program.  See id.  On March 4, 1981, Judge Chrein signed an order issuing a warrant for the petitioner.  See CR-78-0055 entry dated Mar. 11, 1981.  On June 24, 1981, Judge Chrein found the petitioner guilty of a violation of probation, but nonetheless ordered the defendant "discharged from probation supervision as unimproved."  See CR-78-0055 entry dated June 24, 1981.

In his motion, the petitioner claims that he has been leading a productive life from 1983 to 1999 and has held positions with the City of New York and different agencies.  Memorandum of Law ("Pet. Mem.") at 1.  However, he alleges that while seeking other employment, his past record "has been getting in the way."  Id.  Petitioner maintains that he has "matured and become a law-abiding citizen[,]" and asks the Court to "take these assets I have acquired in the past 17 years in deep consideration."  Id.

## DISCUSSION

Expungement Generally

Although district courts possess the inherent equitable power to order expungement of criminal records, the Second Circuit has cautioned that this power should be exercised with

2

great caution and only in "extreme circumstances." United States v. Schnitzer, 567 F.2d 536, 539 (2d Cir. 1977) (quoting United States v. Rosen, 343 F. Supp. 804, 807 (S.D.N.Y. 1972)). As the Second Circuit recognized, the maintenance of criminal records promotes effective law enforcement by helping to "meet the compelling public need for an effective and workable criminal identification procedure." Schnitzer, 567 F.2d at 539 (internal quotations omitted). "In the face of the public's compelling need to have an accurate criminal identification system, courts have rarely granted motions to expunge arrest records, let alone conviction records. This is true even where the arrests at issue resulted in acquittals or even dismissal of the charges." United States v. Sherman, 782 F. Supp. 866, 868 (S.D.N.Y. 1991). "The determination of whether expungement is appropriate requires a case-by-case balancing of the defendant's interest in avoiding the harm the record causes against the government's interest in effective law enforcement which the preservation of criminal records furthers." United States v. McFadzean, No. 93 CR 25 CSH, 1999 WL 993641, at *2 (S.D.N.Y. Nov. 2, 1999) (citing Schnitzer, 567 F.2d at 539).

Courts have found extreme circumstances warranting expungement only in the rare case "where some impropriety attends the government's actions." In re Farkas, 783 F. Supp. 102, 103 (E.D.N.Y. 1992) (Fourth Amendment challenge to arrest as justification for expungement) (citing United States v. Noonan, 906 F.2d 952, 957 (3d Cir. 1990)). Thus, "[e]xpungement has generally been reserved for cases in which an arrest was

unconstitutional, an arrest was made for the purpose of harassment (such as in the case of civil rights workers), a determination of probable cause is impossible because arrests were made en masse, or the records have been misused by the government." McFadzean, 1999 WL 993641, at *2 (citing Schnitzer, 567 F.2d at 540); see also United States v. Morelli, No. 91 CRIM. 639(MHD), 1999 WL 459784, at *2 (expungement "limited to cases involving a charge that was later determined to be meritless or that was never adjudicated, or where there is proof of government misconduct, or where the law is declared invalid"); United States v. Doe, 36 F. Supp. 2d 143 (S.D.N.Y. 1999) (rejecting request by defendant convicted 20 years earlier under Youth Corrections Act to expunge record of conviction that "was valid when entered") (citation omitted).

Courts have particularly frowned upon motions to expunge where the movant does not even challenge the legality or validity of the conviction for which expunction of records is sought. See, e.g., Noonan, 906 F.2d at 957 (despite Presidential pardon, court refused to expunge records where defendant did not challenge conviction itself); United States v. Byrde, 914 F. Supp. 38, 40 (N.D.N.Y. 1996) (quoting Sherman, 782 F. Supp. at 870) (the court declined "to expunge the criminal records of a defendant who has pled guilty, been convicted, and not challenged the circumstances or fact of that conviction"); McFadzean, 1999 WL 993641 (defendant did not challenge conviction). Likewise, a meritless challenge will not suffice to justify expungement. In re Farkas, 783 F. Supp. at 104 (expungement motion for arrest

records denied despite Fourth Amendment challenge where probable cause existed to search and arrest).

Here, balancing the equities in this case, neither the circumstances of petitioner's conviction nor any hardship he claims to have sustained are sufficiently extraordinary to outweigh the government's interest in preserving the records and warrant expungement.  The petitioner does not challenge the validity or constitutionality of his arrest or conviction, nor does he contend that the government misused his record in any way.  Rather, petitioner simply argues that despite the fact that he has not had any further encounters with the criminal justice system since 1983, his criminal record has impeded his ability to obtain new employment.

Based on the petitioner's submission, he appears to have had some employment and become a law-abiding citizen since his discharge from probation.  While the Court is sympathetic to the petitioner's difficulties in obtaining a new job because of the taint of his conviction, the law does not permit expungement based on such circumstances.  Courts have consistently recognized that "[w]here the only harm alleged is to [petitioners'] professional reputation, the expungement motion must be denied, as that harm does not provide a ground upon which this Court can rely in granting a motion to expunge." United States v. James, No. 97 CR 715 (ILG), 2003 WL 21056989, at *2 (E.D.N.Y. Feb. 13, 2003) (citing United States v. Seibel, No. M-65, 1999 U.S. Dist. LEXIS 13400 at *3 (S.D.N.Y. Aug. 31, 1999) (denying expungement motion where sole basis for motion is harm to reputation));

Slansky v. White, No. 96 CV 2338, 1996 U.S. Dist. LEXIS 7906 (S.D.N.Y. June 10, 1996) (denying expungement motion where harm alleged is potential adverse effect on employment); In re Farkas, 783 F. Supp. at 103 (same).  Further, having had an "exemplary life" since conviction is not a sufficient reason for expungement.  Id. at 104.  Thus, this Court does not find any extreme circumstance warranting expungement of petitioner's criminal conviction.

Youth Corrections Act

Petitioner also points to the fact that he was sentenced under "the youth offender act."  Pet. Mem. at 1.  However, the docket sheet does not reflect this fact, as the box for "Juvenile" is blank.  Nevertheless, assuming, arguendo, that petitioner was adjudicated and sentenced under the Youth Corrections Act in effect in 1978, expungement is still not warranted.  Youth Corrections Act ("YCA"), formerly 18 U.S.C. § 5005, et seq. (repealed 1984).

The Youth Corrections Act was enacted in order to promote the rehabilitation of any youth who, in the opinion of the sentencing judge, exhibited promise of becoming a useful citizen, despite his or her involvement in criminal activity.  See H.R. REP. NO. 2979, 81st Cong., 2nd Sess., *reprinted in* 1950 U.S.C.C.S. 3983, 3983 (YCA was meant "to provide for the youthful offenders ... a system of analysis, treatment, and release that [would] cure rather than accentuate the anti-social tendencies that have led to the commission of crime").  Consonant with this purpose, the YCA gave courts the authority to impose a sentence of

6

probation, rather than imprisonment:

> [I]f the court is of the opinion that the youth offender does not need commitment, it may suspend the imposition or execution of sentence and place the youth offender on probation.

18 U.S.C. § 5010(a), <u>et seq</u>. (1976) (repealed 1984). Section 5021 of the YCA further gave the court the discretion to unconditionally discharge a youth offender from probation "prior to the expiration of the maximum period of probation..., *which discharge shall automatically set aside the conviction*, and the court shall issue to the youth offender a certificate to that effect." 18 U.S.C. § 5021(b) (1976) (repealed 1984) (emphasis added).

Courts are divided as to whether section 5021 operates to cause expungement of criminal records. Most circuit courts have found expungement not automatically authorized under section 5021 in light of the statutory language and history of this legislation and other statutes. <u>See</u> <u>United States v. Doe</u>, 732 F.2d 229 (1st Cir. 1984) (Section 5021 leaves federal courts powerless to expunge criminal records); <u>United States v. Doe</u>, 556 F.2d 391 (6th Cir. 1977) (same); <u>United States v. Gardner</u>, 860 F.2d 1391 (7th Cir. 1988) (same); <u>United States v. McMains</u>, 540 F.2d 387 (8th Cir. 1976) (same). The courts that have construed section 5021 to permit expungement have focused on the remedial tenor of the statute. <u>See</u> <u>United States v. Doe</u>, 980 F.2d 876, 881 (3d Cir. 1992) ("Section 5021 should be read liberally as an expungement provision to satisfy the legislative purposes of the statute"); <u>Doe v. Webster</u>, 606 F.2d 1226 (D.C. Cir. 1979) (same);

see also United States v. Doe, 935 F. Supp. 478, 481 (S.D.N.Y. 1996),

While I find the majority view more persuasive in light of the legislative history and language of the provisions,[2] I need not reach the issue in light of petitioner's failure to qualify under section 5021. Whether a youthful offender has had a conviction set aside is a critical factor in determining whether expungement is appropriate. Id. at 481. The docket sheet indicates that close to the end of the completion of his probation, the petitioner was arrested and found guilty for violation of his probation resulting in a discharge from supervision as "unimproved." See CR-78-0055 entry dated June 24, 1981. Because the Court did not unconditionally discharge petitioner prior to the expiration of the maximum probationary period, petitioner's conviction was not "set aside" under section 5021. Thus, petitioner is not entitled to any benefits of section 5021 to the extent it permits relief from "the usual disabilities of a criminal conviction" and provides "a second chance free of a record tainted by such a conviction." Doe, 935 F. Supp. at 481 (quoting Morera v. United States Immigration and Naturalization Serv., 462 F.2d 1030, 1032 (3d Cir. 1972)).

Because any possible conviction of petitioner as a youthful offender was not set aside and because, as discussed above, other factors do not outweigh the public interest against expungement,

---

[2] See Doe, 556 F.2d at 392-93 (noting the absence of express statutory authority for expunction and the "obliteration of the court record of conviction" that expungement would require); see also Doe, 732 F.2d at 230; McMains, 540 F.2d at 389.

8

this court finds no sufficient reason to justify exercise of the limited power for expungement. See Doe, 36 F. Supp. 2d at 144 (recognizing "that some employers will not hire someone whose conviction has been side aside" but denying expungement).

CONCLUSION

For the foregoing reasons, the petitioner's motion is denied. The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated:   Brooklyn, New York
         June 2, 2005

                                    /s/
                                    MARILYN D. GO
                                    UNITED STATES MAGISTRATE JUDGE

Copy sent to:

Frederick D. Holmes, Jr.
1576 Unionport Road, Apt. 2F
Bronx, NY 10462